UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 13-14658 |
| ESS Automotive, Inc. | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Arthur I. Harris |

**Motion of the United States Trustee to Convert or Dismiss**

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and hereby requests this Court to enter an order pursuant to 11 U.S.C. Section 1112(b) converting or dismissing the chapter 11 bankruptcy proceeding of ESS Automotive, Inc. (the "Debtor") because the 1) the Debtor has failed to file a disclosure statement or confirm a plan; 2) the Debtor does not have a reasonable likelihood of rehabilitation;  and, 3) the Debtor is delinquent with paying quarterly fees due the United States Trustee.

**I.  Factual Background**

1.  ESS Automotive, Inc. (the "Debtor") filed a voluntary chapter 11 bankruptcy petition on June 29, 2013.  The Debtor is a small business.  *Docket No. 1.*  The Debtor had a prior chapter 11 bankruptcy filing in 2010.  *See, ESS Automotive*, Case No. 10-13533 (Bankr. N.D. Ohio 2010).  The prior chapter 11 case was dismissed.  *ESS Automotive*, Case No. 10-13533 (Bankr. N.D. Ohio 2010), Docket No. 46.     In this case, the United States Trustee was unable to appoint a committee of unsecured creditors due to lack of sufficient interest.  *Docket No. 15.*

1

2.  The Debtor operates an automotive repair and tire business.

3.  The Debtor's schedules reflect it owns no real estate and has personal property with an aggregate value of $36,613.48. *Docket No. 1,* Schedules A and B.

4.  The Debtor scheduled two secured debts arising from unpaid taxes owed to the Internal Revenue Service and State of Ohio totaling $300,000. *Docket No. 1,* Schedule D. The Debtor scheduled priority obligations to the Bureau of Workers' Compensation and Ohio Department of Job & Family Services in the amount of $5,200 and general unsecured debts in the amount of $299,502.89. *Docket No. 1,* Schedules E and F.  An amendment was filed on August 5, 2014 to amend the voluntary petition and *Schedule H.  Docket No. 17.*

5.  Since the filing of its bankruptcy petition, the Debtor has filed monthly operating reports.  The report for the month of February, 2014 reflects that for the month of February, 2014, the Debtor sustained a net loss of -$6,195.86 and for the period of July, 2013 through February, 2014 has incurred a net loss in the amount of -$343.55. *Doc 36.*  As of February 28, 2014, the Debtor reported cash on hand in the amount of -$2,640.82. *Id,* at p. 8.  The balance sheet attached to the February, 2014 report reflects employee loans due the Debtor's principals totaling $8,772.53 as of February 28, 2014. *Id,* at p. 9.  It is the understanding and belief of the United States Trustee that such "loans" are a result of the shareholders foregoing pay.

6.  The cover sheet of the February, 2014 operating reports states that quarterly fees due the United States Trustee are current.  However, this is incorrect.  As of this date, the Debtor is delinquent with paying quarterly fees totaling $9,100.  Although the Debtor has made minimum payments of $325 in August and December, 2013 and February, 2014 for a total of $975, the amounts paid were less than the amount owed.

2

7.  As of this date, the Debtor has not filed a disclosure statement or plan of reorganization.  It is the understanding and belief of the United States Trustee that the Debtor intends to sell its business as a going concern and has been negotiating with a prospective purchaser.  However, as of now, the Debtor has yet to seek approval of any sale.

## II.  Legal Analysis

8.  Section 1112(b) of the Bankruptcy Code provides for the conversion or dismissal of a Chapter 11 case for "cause."  Once cause is established, a conversion or dismissal is mandated, unless unusual circumstances establish conversion or dismissal is not in the best interests of creditors.  11 U.S.C. Section 1112(b)(1).  Cause includes but is not limited to "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."  11 U.S.C. § 1112(b)(4)(A) and (b)(4)(J).  The failure to pay any fees due the United States Trustee is also an independent basis warranting a conversion or dismissal.  11 U.S.C. Section 1112(k).

9.  The facts in this case demonstrate that cause exists which warrants a conversion or dismissal.  The monthly operating reports filed by the Debtor indicate the Debtor has incurred net postpetition losses of -$343.55.  If the "employee loans" of $8,772.53 are considered, the loss would be greater.  The income generated since the bankruptcy filing is not sufficient to fund a plan of reorganization whether or not the "employee loans" are considered a loss.  The Debtor does not have funds with which to reorganize or the ability to propose a plan that

3

meets the requirements of 11 U.S.C. Sections 1123 and 1129.  <u>See also</u> 11 U.S.C. Sections 507(a)(8).

10.  In addition, the Debtor's failure to pay all quarterly fees which have accrued and are due to the United States Trustee is an independent basis warranting a conversion or dismissal. Based upon the Debtor's current financial condition as reflected in its February, 2014 operating report, the Debtor clearly does not have the ability to pay the outstanding fees totaling $9,100.

11.  Finally, the Debtor has not filed a disclosure statement or plan, and the exclusive period of time for the Debtor to do so has expired.  11 U.S.C. Section 1121 (noting exclusive period in small business case is 180 days and plan must be filed with 300 days after order for relief).  Although the Debtor contemplates a sale of its assets as a going concern, no such sale has been proposed.  Accordingly, any sale is speculative at best.

**Wherefore**, the United States Trustee respectfully requests this Court enter an order converting or dismissing this case, whichever is in the best interests of creditors.

Respectfully Submitted,

Daniel M. McDermott
United States Trustee
Ohio/Michigan Region 9


By:  */s/Amy L. Good*
Amy L. Good (0055572)
Trial Attorney
Office of the U.S. Trustee
200 Public Square, 20th Floor
Cleveland, Ohio 44114
(216) 522-7800 ext. 236
amy.l.good@usdoj.gov

4

**Certificate of Service**

I certify that a true and correct copy of the foregoing *Motion* was served:

Via the Court's Electronic Case Filing System on March 26, 2014 on these entities and individuals who are listed on the Court's Electronic Mailing Notice List:

- Glenn E Forbes    Bankruptcy@cooperandforbes.com, gforbes@cooperandforbes.com
- Timothy M. Sullivan    tim@tmslaw.net, elaine@tmslaw.net;martin@tmslaw.net;Jillian@tmslaw.net
- United States Trustee    (Registered address)@usdoj.gov
- Amy Good ust08    amy.l.good@usdoj.gov

And on March 26, 2014 by regular U.S. Mail, postage prepaid, on:

ESS Automotive, Inc.
7485 Tyler Blvd.
Mentor, Ohio 44060

By:    */s/Amy L. Good*
*Amy L. Good (#0055572)*
Trial Attorney
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Suite 441
Cleveland, Ohio 44114
(216) 522-7800 ext. 236

5